### HAMBLEN v. BIRCH.

(Supreme Court, Special Term, Westchester County. March, 1899.)

UNDISCLOSED AGENCY—SALES—CONDITIONS AGAINST RE-ENGAGING IN BUSINESS.
    Where a husband manages the wife's business, and sells it out in her name, with a condition against re-engaging in business, the fact that he fails to disclose his agency does not render the condition applicable to him individually.

Action by Arthur M. Hamblen against George Birch. Complaint dismissed.

William Riley, for plaintiff.

R. E. & A. J. Prime (Ralph Earl Prime, Jr., of counsel), for defendant.

HIRSCHBERG, J. On March 2, 1896, the plaintiff bought the restaurant at Yonkers known as "Birch's Lunch Room" for the sum of $1,750 cash, with the understanding that the vendor would not thereafter, directly or indirectly, engage or be interested in the restaurant business at Yonkers. The business belonged to the defendant's wife, Louisa L. Birch, but was conducted for her by the defendant; he signing her name, L. L. Birch, without any qualification or addition. He also signed and indorsed checks in her name, and the bill of sale of the business to the plaintiff was so signed by him. It contains this provision, "And I further agree that I will not be connected in any way or have capital invested in any restaurant or lunch room

in the city of Yonkers, according to verbal agreement." The plaintiff supposed the defendant was L. L. Birch at the time the sale was made, and that he accordingly was the owner of the business. This was not because of any fraud perpetrated by the defendant, but arose merely from the fact that the latter did not disclose the agency. There is no evidence that the plaintiff desired to prohibit the defendant from engaging in the business as an individual dissociated from the ownership of the property. On the contrary, I am satisfied he wished so to prohibit him solely because he believed him to be the vendor, and that, had the ownership in the wife been disclosed, the plaintiff would have contracted for a prohibition against her alone. She knew that by the contract of sale she was to be prohibited from engaging again in the restaurant business at Yonkers, and I am convinced assented to it. The defendant is now carrying on the restaurant business at Yonkers, and this action seeks to restrain him, on the ground that the prohibition applies to him personally, because of his failure to disclose the agency. I do not think the rule of law goes to this extent. Although the contract was actually made by the agent in the name of his principal, I think the agent is liable for its enforcement; but that liability does not involve a separate and distinct penalty, to be borne by the agent personally, in addition to the one which could be enacted against the principal whenever her identity is disclosed. The defendant is liable on the actual contract. He can be made to pay any damages sustained by the plaintiff from its breach, including damages resulting from the carrying on of the prohibited business by his wife. He would be liable on any warranty contained in the contract, and also equally with his principal for the payment of any money penalty which might be named as compensation for a violation of the agreement. But in that case the principal and agent would not be liable each to pay the penalty in full. The plaintiff can enjoin the defendant's wife from carrying on the restaurant business at Yonkers beyond any doubt. If he can also restrain the husband, it would follow that the failure to disclose the agency gives him much more than he bargained for, viz. the right to enjoin two individuals from competing with him where he intended and expected only to acquire the right of enjoining one. I know of no principle covering such a case, and no citation presented supports it.

The complaint will be dismissed, but, under the circumstances, without costs.